IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT ALAN ZUNKER, | § | |
| TDCJ-CID NO. 1085883, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-3940 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner Scott Alan Zunker's pro se Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment (Docket Entry No. 9). For the reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and Zunker's Petition for a Writ of Habeas Corpus will be denied.

## I.  Factual Background

The Court of Appeals for the First District of Texas summarized the facts of Zunker's crime as follows:

> On November 19, 2000, College Station Police Department Detective Chad Harkrider was called to investigate the alcohol-related death of John Hickman at 3311 Bahia in College Station. When he arrived at the scene and discovered that there were numerous people to interview,

Harkrider contacted College Station Police Sergeant Chuck Fleeger for assistance.  Schultze and Klock were two of the people interviewed in connection with Hickman's death.  During the course of the investigation, Detective Harkrider received an anonymous tip that there was a videotape of Hickman made on the night he died.

On March 27, 2001, Jana French, a friend of Klock's, provided the College Station Police Department with a videotape that she had obtained from Klock.  Fleeger watched the videotape and discovered that, in addition to depicting Hickman the night he died, 18 minutes and 45 seconds of the tape showed three men sexually assaulting an unconscious female.  Fleeger recognized Schultze and Klock as two of the three assailants because he had recently interviewed them in connection with Hickman's death.  He later determined the identities of the complainant [FN4] and the third assailant, [Zunker].

> FN4.  Before the police showed her the videotape, the complainant did not know that she had been assaulted.  She testified that she worked with Klock at a pub, and she and some of her girlfriends were at a bowling alley when Klock and his friends arrived.  Both groups went to another pub and then on to a bar that appellant managed.  There was excessive drinking, and the complainant did not remember any of the events occurring between the bar and waking up next to Klock in the Bahia house the next morning.

> . . .

> Police officers arrested [Zunker], Klock, and Schultze the day after Sergeant Fleeger received the videotape.  Also on that day, police officers searched the house at 3311 Bahia and found a video camera and a camera bag that contained another videotape.  This second videotape showed Schultze urinating on an unconscious Hickman.

> During his investigation, Fleeger determined that the sexual assault occurred in July 2000, seven or eight months before the videotape was discovered.

Zunker v. State, 177 S.W.3d 72, 75-76 (Tex. App. - Houston [1st Dist.] 2005).

## II.  Procedural History

In April of 2001 Zunker was charged with aggravated sexual assault and, after refusing to enter a plea, the trial court entered a plea of not guilty on Zunker's behalf.  Zunker v. State, 177 S.W.3d at 75.  In February of 2002 a jury found Zunker guilty and sentenced him to fifteen years' imprisonment.  Id.

The First Court of Appeals of Texas affirmed Zunker's conviction in January of 2005.  Id. at 88.  The Texas Court of Criminal Appeals refused Zunker's petition for discretionary review (PDR).  Zunker v. State, PD-0146-05, 2005 Tex. Crim. App. LEXIS 1172, at *1.

In March of 2006 Zunker challenged his conviction by filing a federal habeas corpus petition.  Zunker v. Quarterman, No. H-06-0845, 2006 WL 2336449, at *1 (S.D. Tex. Aug. 10, 2006).  His petition was dismissed without prejudice in August of 2006 for failure to exhaust state court remedies.  Id. at *2.  Zunker then filed a state application for a writ of habeas corpus in September of 2006.[1]  The Texas Court of Criminal Appeals denied Zunker's application in November of 2006.[2]

Believing his state court remedies were exhausted, Zunker submitted a new habeas corpus petition to this court in December of

---

[1]Ex parte Zunker, Appl. WR-65,918-01, p. 1.

[2]Id. at cover.

2006.[3]  In his federal habeas petition Zunker raises eight grounds for habeas relief:

1.  evidence used against him was obtained through unconstitutional search and seizure;

2.  in denying his motion to sever, the trial court violated the Texas Code of Criminal Procedure;

3.  the trial court erred in refusing to admit evidence of prison conditions;

4.  in denying his motion to sever, the trial court denied him a fair trial at the punishment stage;

5.  the trial court erred by giving a general jury instruction;

6.  the trial court erred by giving an ambiguous jury instruction;

7.  the trial court erred in denying his motion for mistrial; and

8.  the prosecutor's closing remarks were improper.[4]

All but the first claim were asserted in Zunker's direct appeal to the First Court of Appeals of Texas.  Zunker appealed the third and eighth claims to the Texas Court of Criminal Appeals in his PDR. Upon returning to state court in September of 2006, Zunker presented all eight claims in his state habeas application.

---

[3]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered pp. 1-10.

[4]Id. at unnumbered pp. 7-9.

### III.  Standard of Review

**A.  Habeas Corpus**

In order for a federal court to have jurisdiction over a habeas petition, the petitioner must explain how his continued custody violates the Constitution or other federal law.  28 U.S.C. § 2254(a); Duncan v. Henry, 115 S. Ct. 887, 888 (1995).  Without an allegation that the petitioner has been deprived of some right secured to him by the Constitution or other federal law, this court cannot grant habeas relief.  Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).  However, not any Constitutional violation will do; the violation must be of a personal Constitutional right.  See Kimmelman v. Morrison, 106 S. Ct. 2574, 2583 (1986).  Additionally, the habeas petition will be procedurally barred if, due to the petitioner's failure to comply with state procedural rules, the federal issue has not been raised in prior state court proceedings and no state procedure is available for doing so in the future. Woodford v. Ngo, 126 S. Ct. 2378, 2386-87 (2006).

**B.  Summary Judgment**

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits

-5-

that demonstrate the absence of genuine factual issues.  <u>Celotex</u> <u>Corp.</u>, 106 S. Ct. at 2553.  In response to such a showing the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial.  <u>Id.</u>

While "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," <u>Clark v.</u> <u>Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only to the extent that it does not conflict with the habeas rules. <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002), <u>overruled on</u> <u>other grounds by</u> <u>Tennard v. Dretke</u>, 124 S. Ct. 2562 (2004). Therefore, 28 U.S.C. § 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that in a summary judgment proceeding all disputed facts must be construed in the light most favorable to the nonmoving party.  <u>Id.</u>  Unless petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, they must be accepted as correct." <u>Id.</u>

## IV.  <u>Analysis</u>

### A.  **Ground One:  Fourth Amendment Claim of Unconstitutional Search and Seizure**

Zunker alleges that his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure,

-6-

thereby violating his Fourth Amendment rights.[5]  Zunker claims that
the videotape depicting his sexual assault was stolen from him by
a co-defendant.[6]   According to Zunker, the videotape's alleged
status as stolen property renders its eventual transmission to the
government an unconstitutional seizure.[7]

Regardless of the merits,[8] this court cannot grant habeas
corpus relief based on Zunker's Fourth Amendment claim.   The
Supreme Court has held that the Fourth Amendment exclusionary rule
for improper searches and seizures is not a personal right, but is
rather an evidentiary standard meant to enforce the Fourth
Amendment by deterring police misconduct.   Stone v. Powell, 96
S. Ct. 3037, 3048 (1976).   Such deterrence is unlikely to be
furthered by addressing Fourth Amendment claims in the context of
collateral review.   Id. at 3052-53.   Therefore, "where the State
has provided an opportunity for full and fair litigation of a
Fourth Amendment claim, a state prisoner may not be granted federal

---

[5]Petition for a Writ of Habeas Corpus by a Person in State
Custody, Docket Entry No. 1, unnumbered p. 7.

[6]Memorandum of Law in Support of Petition for Writ of Habeas
Corpus by a Person in State Custody, Docket Entry No. 3, p. 4.

[7]Id.  This is the only interpretation this court can make of
Zunker's pro se argument.

[8]It is worth mentioning that the merits of the claim are
dubious.  The videotape was voluntarily turned over to police by
a co-defendant's girlfriend.  Zunker does not allege that any
government actor committed misconduct in obtaining the videotape.
The Fourth Amendment is a restriction against government action
only.  United States v. Runyan, 275 F.3d 449, 457 (5th Cir.
2001).

habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id.; see also Busby v. Dretke, 359 F.3d 708, 722 (5th Cir. 2004) (holding that a state prisoner's Fourth Amendment claims are not cognizable in a federal habeas corpus proceeding).

The Texas state courts provided Zunker with an opportunity for full and fair litigation of his Fourth Amendment claim. Although the opportunity was available, Zunker did not assert this claim at trial[9] and did not assert the claim on appeal to either the Texas Court of Appeals or the Texas Court of Criminal Appeals. Zunker's failure to avail himself of the opportunity to assert his Fourth Amendment claim in these courts does not mean the opportunity was unavailable. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).

Zunker first raised a Fourth Amendment claim in his state application for a writ of habeas corpus.[10] In its answer to Zunker's application, the State noted Zunker's failure to raise this issue at trial.[11] Under Texas state law "the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." Ex parte Gardner, 959 S.W.2d 189,

---

[9]At trial Zunker moved to suppress the videotape evidence, but based on state law grounds, not Constitutional grounds. Clerk's Record, Vol. I, at 90, State v. Zunker, No. 28,688-361 (361st Dist. Ct., Brazos County, Tex., April 2001)).

[10]Ex parte Zunker, Appl. WR-65,918-01, p. 6.

[11]Id. at 19.

199 (Tex. Crim. App. 1996).   Accordingly, the District Court of Brazos County recommended that Zunker's application be denied,[12] and the Texas Court of Criminal Appeals followed this recommendation and denied habeas relief.[13]

Based on this record, the court finds that Texas provided Zunker with "an opportunity for full and fair litigation" of his Fourth Amendment claim.  <u>Stone</u>, 96 S. Ct. at 3052-53.   Therefore, Zunker may not be granted federal habeas relief based on ground one of his petition.  <u>Id.</u>

**B.   Grounds Two and Four:  Trial Court's Denial of Motion to Sever**

Zunker asserts two claims regarding the trial court's denial of his motion to sever his trial from the trial of his two co-defendants.  First, Zunker argues that the trial court's denial of this motion violated Article 36.09 of the Texas Code of Criminal Procedure (ground two).[14]   Zunker does not, however, connect this alleged violation of Texas state law to a "violation of the Constitution or laws or treaties of the United States."   28 U.S.C.A. § 2254(a).   In short, Zunker's claim is that he is in custody in violation of state law, not federal law.[15]   This court

---

[12]<u>Id.</u> at 45.

[13]<u>Id.</u> at cover page.

[14]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered p. 7.

[15]Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, pp. 5-6.

cannot grant habeas relief on such basis. <u>Id.</u>; <u>Cook v. Morrill</u>, 783 F.2d 593, 596 (5th Cir. 1986) ("The federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.").

Second, in ground four Zunker argues that "the trial court abused its discretion in denying petitioner's motion for severance because a joint trial was so prejudicial to petitioner that he was denied a fair trial at punishment."[16]  This claim also fails to assert a violation of the Constitution or other federal law.

Zunker alleges that he was "denied a fair trial at punishment," but this general claim makes no mention of a Constitutional due process violation.[17]  Although the Ninth Circuit once found that "it is not necessary to invoke the talismanic phrase 'due process of law'" in order to state a federal due process claim, <u>Henry v. Estelle</u>, 33 F.3d 1037, 1040 (9th Cir. 1994), the Supreme Court disagrees.  On review of <u>Henry v. Estelle</u>, the Supreme Court reversed, stating that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth

---

[16]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered p. 8.

[17]No federal claim is made in the supporting memorandum. Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, pp. 8-9.

Amendment, he must say so, not only in federal court, but in state court." <u>Duncan v. Henry</u>, 115 S. Ct. 887, 888 (1995).[18]

Even if this court liberally construes Zunker's pro se petition as asserting a violation of his right to Constitutional due process, <u>see</u> <u>Johnson v. Quarterman</u>, 479 F.3d 358, 359 (5th Cir. 2007) (requiring liberal construction of pro se briefs, but not determining the result under the facts presented in this case), Zunker's claim is still foreclosed. Assuming that Zunker's federal petition asserts a federal issue in ground four, ground four is unexhausted because no federal issue was raised during the presentation of ground four to the state courts. <u>See</u> 28 U.S.C. § 2254(b)(1)(A); <u>O'Sullivan v. Boerckel</u>, 119 S.Ct. 1728, 1731 (1999) (requiring exhaustion of state court remedies); <u>Baldwin v. Reese</u>, 124 S. Ct. 1347, 1351 (2004) (holding exhaustion requirement unsatisfied where prisoner's state court petition did not "fairly present" the federal issue in question).

Zunker's previous federal habeas petition was held to be unexhausted because Zunker had yet to present all eight claims to the state courts. <u>See</u> <u>Zunker v. Quarterman</u>, No. H-06-0845, 2006 WL 2336449, *2 (S.D. Tex. 2006) (petition dismissed without prejudice). Although Zunker subsequently presented all eight of these grounds to the Texas Court of Criminal Appeals in a state habeas application, Zunker did not raise any federal issues with

---

[18]In <u>Duncan v. Henry</u> the petitioner had not clearly articulated his federal issue to the state court, and the Supreme Court held that he had therefore not exhausted his claim.

regard to the trial court's denial of his motion for severance.[19]
Instead, he recited verbatim the same claim he made in his direct
appeal to the First Court of Appeals of Texas, in which he was
represented by counsel and only relied on state law in his brief.[20]
The Court of Appeals therefore denied his claim on state law
grounds.  Zunker v. State, 177 S.W.3d 72, 78-79 (Tex. App. -
Houston [1st Dist.] 2005).  In his state habeas application Zunker
gave no indication that he was relying on federal law,[21] and the
trial court recommended that the claim be denied because it had
already been litigated and decided on appeal.[22]  The Texas Court of
Criminal Appeals followed this recommendation when it denied Zunker
habeas relief.[23]

The record therefore demonstrates that while Zunker has
presented his fourth claim to the state courts, it has been
presented and adjudicated as implicating only state law.  When a
federal habeas petition presents a federal issue that has only been
presented through the lense of state law in prior proceedings
before the state courts, the Supreme Court holds the petition to be

---

[19]Ex parte Zunker, Appl. WR-65,918-01, p. 7.

[20]Appellant's Brief at pp. iii, 12-24, Zunker v. State, 177
S.W.3d 72 (Tex. App. - Houston [1st Dist.] 2005).

[21]Ex parte Zunker, Appl. WR-65,918-01, p. 7.  No mention of
"due process," federal law, or Constitutional rights is made
anywhere in Zunker's state habeas application.

[22]Id. at p. 45.

[23]Id. at cover.

unexhausted.  Duncan v. Henry, 115 S. Ct. 887, 888 (1995); cf. supra n.18; see also Baldwin v. Reese, 124 S. Ct. 1347, 1351 (2004) (holding exhaustion requirement unsatisfied where prisoner's state court petition did not "fairly present" the federal issue in question).  "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a similar state-law claim was made." Anderson v. Harless, 103 S. Ct. 276, 277 (1982).  "We cannot fault the [state] court for failing also to consider [the federal issue] sua sponte." Picard v. Connor, 92 S. Ct. 509, 513 (1971).  Therefore, even if this court now liberally construes Zunker's fourth claim as asserting a constitutional due process issue, the claim remains unexhausted.

Although Zunker's fourth claim is unexhausted, it would be barred by the procedural default doctrine if he now attempted to exhaust the claim in Texas courts.  See Woodford v. Ngo, 126 S. Ct. 2378, 2386-87 (2006) (explaining the relationship between the exhaustion requirement and procedural default).  This is because a second application for habeas relief to the state courts would face severe limitations.  See Tex. Code Crim. Proc. art. 11.07 § 4 (Vernon's 2007).  State courts "should consider refusing to hear writs that raise points of error that were available when the first writ was filed, unless good cause may be shown by the applicant for his failure to raise these points in his previous writ of habeas corpus." Ex parte Barber, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994).  Zunker could have raised a constitutional due process issue

-13-

in his first state application for habeas relief, and nothing in the record demonstrates "good cause" for not doing so.  In light of the state court's previous denial of habeas relief, this court declines to dismiss Zunker's petition without prejudice so that he may re-petition the state courts for habeas relief when "nothing suggests that the Texas Court of Criminal [Appeals] would consider [Zunker]'s petition on the merits." Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999); see also Busby v. Dretke, 359 F.3d 708, 724 (5th Cir. 2005) ("When the result of filing a second habeas application in the state courts is so clear, it is appropriate to consider the petitioner's claim barred rather than first requiring the state court to deny a successive writ.").

Accordingly, the court finds ground four of Zunker's petition for habeas relief to be procedurally barred.  A federal court may excuse a procedural default only if the petitioner shows cause for the default and prejudice therefrom, or that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 111 S. Ct. 2546, 2564 (1991).  However, Zunker has not asserted, and the record does not support, relief on these grounds.

## C.   Ground Three:  Trial Court Refused to Admit Evidence of Prison Conditions

Zunker argues that the "trial court erred during the punishment stage of the trial in excluding evidence concerning

-14-

prison conditions."[24]    Specifically, Zunker alleges that state cross-examination of a defense witness created the impression that jail involves such comforts as job fairs, educational programs, access to law libraries, baseball, basketball, horseshoes, and television.[25]    In order to rebut this image of "a country club atmosphere," Zunker sought to introduce testimony that, with his slight build, he would be "fresh meat" in prison.[26]  The trial court refused to allow this evidence.    Zunker now seeks federal habeas relief based on this alleged error by the trial court.[27]

This third ground for federal habeas relief fails for the same reasons previously discussed in the analysis of ground four.  See supra subsection IV.B.  Nowhere in his discussion of ground three does Zunker allege a "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Although Zunker makes a blanket allegation of a due process violation at the beginning of his memorandum,[28] such a generalized allegation, with no connection to any of the eight grounds offered for habeas relief, fails to articulate a federal basis for relief with any specificity.   See Duncan v. Henry, 115 S. Ct. 887, 888 (1995)

---

[24]Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, pp. 6-8.

[25]Id. at 7.

[26]Id. at 8.

[27]Id. at 6.

[28]Id. at 4.

("[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so").

On direct appeal the state courts dealt with this claim as a matter implicating only Texas law, and Zunker did not rely on any federal law in his briefs.[29]  Likewise, in his state application for habeas relief, Zunker presented no federal question in raising this evidentiary issue.[30]  Without a federal issue, this court cannot grant habeas relief.  See 28 U.S.C. § 2254(a); Cook v. Morrill, 783 F.2d 593, 596 (5th Cir. 1986) (federal habeas courts "do not sit as a 'super' state supreme court . . . to review errors under state law"); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).

Additionally, unlike ground four, ground three presents no language which, even upon a liberal reading, might be construed to assert a federal issue.[31]  Even with such a construction, ground three would be foreclosed by procedural default because no such

---

[29]Zunker v. State, 177 S.W.3d 72, 79-83 (Tex. App. - Houston [1st Dist.] 2005); Appellant's Brief at pp. iii, 12-24, Zunker v. State, 177 S.W.3d 72 (Tex. App. - Houston [1st Dist.] 2005). Zunker has worded this claim in the same way at each turn.

[30]Ex parte Zunker, Appl. WR-65,918-01, p. 7.

[31]In ground four Zunker asserts that he was "denied a fair trial."  Upon a liberal reading, Zunker could thereby be understood as asserting a violation of constitutional due process.  In ground three, however, Zunker does not allege that the supposed evidentiary error denied him a fair trial.  He merely alleges error.  Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, pp. 6-8.

federal issue was raised before the state courts[32] and no state procedure remains to now raise a federal issue.  See _supra_ subsection IV.B. (applying the same procedural default reasoning to ground four in more detail).  Again, Zunker does not allege, and the record does not support, an exception to the procedural bar.

**D.   Grounds Five and Six:  Trial Court's Jury Instruction**

Zunker argues that his sentence[33] was obtained "from trial court error when it provided the jury with a general [ground five] and ambiguous [ground six]" jury instruction.[34]   A videotape (separate from the sexual assault video) was entered into evidence against one of Zunker's co-defendants showing the co-defendant urinating on an unconscious man who subsequently died of alcohol and drug overdose.  Zunker alleges that the jury was not properly instructed to use this video as evidence only against his co-defendant, and not him.[35] As a result, Zunker alleges that he suffered "egregious harm."[36]

---

[32]Appellant's Brief at pp. iii-iv, 24-29, _Zunker v. State_, 177 S.W.3d 72 (Tex. App. - Houston [1st Dist.] 2005);  _Zunker v. State_, 177 S.W.3d at 79-83; _Ex parte Zunker_, Appl. WR-65,918-01, pp. 7, 45.

[33]Zunker uses the word "conviction" but clearly intends "sentence."  Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, p. 9.

[34]_Id._ at p. 9.

[35]_Id._ at p. 10.

[36]_Id._

These fifth and sixth grounds for federal habeas relief fail
for the same reasons previously discussed in the analysis of ground
four.  See supra subsection IV.B.  Zunker does not argue that the
allegedly erroneous jury instruction injured any of his
constitutionally protected rights.  Even on a liberal reading of
Zunker's claims, no federal law is implicated.  Without a federal
issue this court cannot grant habeas relief.  See 28 U.S.C.
§ 2254(a); Cook, 783 F.2d at 596; Thomas, 717 F.2d at 249.

Even if Zunker's claims were construed to contain a federal
claim, habeas relief would be foreclosed by procedural default
because no federal issue was asserted in the state courts,[37] and
there remains no state procedure for doing so now.  See supra
subsection IV.B. (applying same procedural default reasoning to
ground four in more detail).  Again, no basis was asserted or
appears to exist for excusing this procedural default.

**E.   Grounds Seven and Eight:  Prosecutor's Remarks at Trial**

During closing arguments at the punishment stage of trial the
prosecutor stated that the three defendants "watched their best
friend die."[38]  This statement was incorrect because it referred to

---

[37]Appellant's Brief at pp. iv, 36-40, Zunker v. State, 177
S.W.3d 72 (Tex. App. - Houston [1st Dist.] 2005); Zunker v.
State, 177 S.W.3d at 82-83; Ex parte Zunker, Appl. WR-65,918-01,
pp. 8, 45.  Again, the same wording was used to state grounds five
and six in all state and federal filings.  Zunker only relied on
state law when briefing the state courts.

[38]Court Reporter's Record Vol. 28, page 55, lines 3-9, State
v. Zunker, No. 28,688-361 (361st Dist. Ct., Brazos County, Tex.,
April 2001).

a video (other than the sexual assault video) that had been entered as evidence only against Zunker's co-defendant.  The trial court sustained Zunker's objection to the statement and instructed the jury to disregard the prosecutor's statement.  Zunker moved for a mistrial based on this statement, and the trial court denied his motion.  In Zunker's seventh ground for federal habeas relief, Zunker alleges that the trial court's denial of his motion for a mistrial was an error.[39]

During the punishment stage of the trial the prosecutor made the following remark during closing arguments:

> Imagine the embarrassment, the humiliation that [the victim] has had to go through.  Every time you think about the excuses the defendants offered, think about [her], what she's going through, what her parents are going through, what her dad is thinking knowing that his little girl was violated in the worst way.[40]

Zunker objected to this statement because the victim's parents did not testify at trial, and according to Zunker, the statement was therefore unsupported by the record and violated a previous trial court ruling on a motion in limine.[41]  The trial court overruled Zunker's objection.  In his eighth ground for federal

---

[39]Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, p. 10.

[40]Reporter's Record Vol. 28, p. 52, <u>State v. Zunker</u>, No. 28,688-361 (361st Dist. Ct., Brazos County, Tex., April 2001).

[41]Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 3, p. 11.

habeas relief Zunker alleges that the trial court's failure to sustain his objection was an error.[42]

These seventh and eighth grounds for federal habeas relief fail for the same reasons previously discussed in the analysis of ground four. See supra subsection IV.B. Zunker does not argue that these putative trial court errors injured any of his constitutionally protected rights. Even on a liberal reading of Zunker's statement of grounds seven and eight, no federal law is implicated. Without a federal issue this court cannot grant habeas relief. See 28 U.S.C. § 2254(a); Cook, 783 F.2d at 596; Thomas, 717 F.2d at 249.

Even if Zunker's seventh and eighth claims were construed to contain a federal issue, habeas relief would be foreclosed by procedural default because no federal issue was asserted in the state courts,[43] and there remains no state procedure for doing so now. See supra subsection IV.B. (applying same procedural default reasoning to ground four in more detail). No basis was asserted, or exists, for excusing Zunker's procedural default.

---

[42]Id.

[43]Appellant's Brief at pp. v, 42-47, Zunker v. State, 177 S.W.3d 72 (Tex. App. - Houston [1st Dist.] 2005); Zunker v. State, 177 S.W.3d at 82-83; Ex parte Zunker, Appl. WR-65,918-01, pp. 8, 45. Zunker has merely recycled the language of these claims at each juncture. Zunker relied only on state law when briefing the issue before the state court of appeals and did not brief the issue in his state habeas petition at all.

## V.  <u>Conclusion and Order</u>

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**, and Zunker's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE